IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RUBEN ROSALIO, FERMIN FLORES,　　　　　　　　　　　CV 04-379-BR
CESAR ASCENCIO-BAUTISTA,
and ALVARO FLORES-ESTRADE,　　　　　　　　　　　　OPINION AND ORDER

　　　　　Plaintiffs,

v.

ALEJANDRO NUNEZ, NUNEZ
CONSTRUCTION, GO SIDING CO.,
PRO SIDERS CORP.,

　　　　　Defendants.

JENNIFER A. WAGNER
Stoll Stoll Berne Lokting & Schlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204
(503) 227-1600

D. MICHAEL DALE
Law Offices of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
(503) 357-8290

　　　　　Attorneys for Plaintiffs

1 - OPINION AND ORDER

**T. ANN. GREGORY**
Gregory & Gregory, P.C.
4004 S.E. Woodstock Blvd.
Portland, OR  97202

>Attorneys for Defendant Go Siding Co.

**ALEJANDRO NUNEZ**
Address unknown

>Defendant, *Pro se*

**PRO SIDERS CORP.**
2670 Industrial Way
Hubbard, OR  97032
(503) 231-9358

>Defendant, *Pro se*

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (#31).

Plaintiffs seek attorneys' fees in the amount of $18,332.50 from Defendants Alejandro Nunez, Go Siding Co., and Pro Siders Corp.  Plaintiffs also seek to recover costs in the amount of $875.81.  Defendants did not submit any response to Plaintiffs' Motion.  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

On March 15, 2004, Plaintiffs brought this action against Defendants for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq,* and Oregon state wage laws, Or. Rev.

2 - OPINION AND ORDER

Stat. §§ 652.140, 652.150, 653.025, and 653.055.  Plaintiffs alleged Defendants were joint employers of Plaintiffs in May and June 2003 and Defendants failed to pay wages due and owing to Plaintiffs.

On January 5, 2005, the Court entered an Order of Default against Defendants Pro Siders Corp. and Alejandro Nunez.  On January 6, 2005, Plaintiff voluntarily dismissed Defendant Nunez Construction.  On May 3, 2005, the Court entered an Order of Default against Defendant Go Siding Co.

On August 29, 2005, the Court granted Plaintiffs' Application for Entry of Final Judgment and entered judgment against Defendants Nunez, Go Siding Co., and Pro Siders Corp. in the amount of $9,307.97 in favor of Cesar Ascencio-Bautista, $9,307.97 in favor of Alvaro Flores-Estrada, $6,275.90 in favor of Ruben Rosalio, and $5,469.15 in favor of Fermin Flores.

Pursuant to the FLSA, Plaintiffs are entitled to recover attorneys' fees and costs as the prevailing party.  Oregon law also requires an award of attorneys' fees and costs to the prevailing plaintiffs in an action for collection of wages. Or. Rev. Stat. § 652.200(2).

## **STANDARDS**

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees when an

award is granted pursuant to a federal statute. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 n.9 (1983)). *See also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The lodestar/multiplier analysis is made up of two parts. The Court first calculates the lodestar amount by multiplying the number of hours the Court finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen*, 214 F.3d at 1045. "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citation omitted).

To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A "rote recitation of the relevant factors is unnecessary" as long as the court adequately explains the basis for the award of attorneys' fees. *O'Neal v. City of Seattle,* 66 F.3d 1064, 1069 n.5 (9th Cir. 1995).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on factors that are "not already subsumed in the initial calculation of the lodestar." *Morales*, 96 F.2d at 363-64. The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Id.* (citations and internal quotations omitted).

## **DISCUSSION**

Plaintiffs' fee request is supported by the Affidavits of Attorneys Jennifer Wagner and Michael Dale and is not opposed by Defendants. The Court has considered the above factors and,

5 - OPINION AND ORDER

based on the record and in light of Defendants' failure to object to Plaintiffs' Motion, the Court awards attorneys' fees to Plaintiffs in the amount of **$18,332.50** and costs in the amount of **$875.81**.

## CONCLUSION

For these reasons, the Court awards attorneys' fees to Plaintiffs in the amount of **$18,332.50** and costs in the amount of **$875.81** as follows:

1. <u>Against all Defendants jointly and severally</u>: Attorneys' fees in the amount of **$10,576.50** and costs in the amount of **$242.21,**

2. <u>Against Defendant Alejandro Nunez</u>: Attorneys' fees in the amount of **$4,826.00** and costs in the amount of **$633.60,**

3. <u>Against Defendant Go Siding Co.</u>: Attorneys' Fees in the amount of **$2,525.00,** and

4. <u>Against Defendants Alejandro Nunez and Pro Siders Corp. jointly and severally</u>: Attorneys' fees in the amount

of **$405.00**

   IT IS SO ORDERED.

   DATED this 30th day of August, 2005.

                              /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States District Judge